■ ANTONIO GROTTANO, Respondent, v. NEW YORK HERALD TRIBUNE, INC., et al., Appellants.— Order, entered on November 2, 1960, granting plaintiff's motion to vacate the order of the court, entered on October 5, 1960, dismissing the complaint for lack of prosecution, reversed on the law and on the facts, with $20 costs and disbursements to the appellants, and motion to vacate order dismissing complaint denied, with $10 costs. This action was instituted on August 7, 1956, and issue was joined on March 15, 1957. No note of issue was ever filed. The plaintiff presented no adequate excuse for his inordinate lack of diligence in the prosecution of this action. The determination of the article 78 proceeding brought to review his dismissal as a police officer and of the appeals therein would not in any way be dispositive or res judicata upon the issues in this action. Therefore, the pendency of the article 78 proceeding and the appeals therein, and the plaintiff's occupation with such litigation did not justify the plaintiff's merely standing by in this action for upwards of 3½ years without proceeding to get it upon the calendar. Finally, it is concluded that this court is not precluded from considering the merits of this application in all its aspects by the special provisions in the Special Term order of October 5, 1960, dismissing the action. Special Term in expressly stating that plaintiff should have leave to vacate the dismissal " on an application which shall contain an affidavit of the plaintiff showing a meritorious cause of action " and in so providing in the October 5 order, will not thereby be deemed to have intended to prejudge the application in any way when made. The provision in effect merely imposed a condition on the making of a motion by plaintiff to vacate the dismissal, and did not have the effect of limiting either the Special Term or this court in a determination of the motion fully upon the merits when made. Concur — Breitel, J. P., Valente, McNally and Eager, JJ.; Rabin, J., dissents in the following memorandum: I dissent. A sufficient affidavit of merits having been supplied, the motion to vacate the dismissal was properly granted. The sufficiency of such affidavit was the only question left open by the order of October 5, 1960, from which no appeal was taken. There would have been no point in Special Term granting leave to renew at that time had it not determined that the excuse offered for the delay was a satisfactory one.

■ JOSEPH DORY, Respondent, v. HARRY SLATER, Appellant, et al., Defendants.— Judgment in favor of plaintiff against defendant-appellant Slater unanimously reversed, on the law and on the facts and the complaint dismissed, with costs to the appellant. Plaintiff's evidence showed no negligence on the part of defendant-appellant (Gooch v. Shapiro, 7 A D 2d 307, affd. 8 N Y 2d 1088; Rowlands v. Parks, 2 N Y 2d 64). We find that defendant-appellant was confronted with a sudden emergency not of his own making and that his actions in response showed no lack of reasonable care. Settle order on notice. Concur— Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.